IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUL 0 3 2012
CHRIS R. JOHNSON, Clerk
By _____ Deputy Clerk

12-6088

TODD TUCKER,

    Plaintiff,

v.

COMMERICAL RECOVERY SYSTEMS, INC.,

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, TODD TUCKER, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, COMMERICAL RECOVERY SYSTEMS, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TODD TUCKER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Hot Springs, County of Garland, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Santander.

1

6. The debt that Plaintiff allegedly owed Santander was for an automobile loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure (hereinafter "the debt").

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. COMMERICAL RECOVERY SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Texas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In or around March 2012, Defendant engaged in a telephone conversation with Plaintiff wherein Defendant attempted to collect the debt from Plaintiff.

15. Plaintiff informed Defendant that at that time he would not be able to pay the debt on which Defendant was attempting to collect.

16. Defendant then told Plaintiff that it would call Plaintiff's place of employment.

17. Defendant's representation that it would call Plaintiff's place of employment had the effect of conveying to an unsophisticated consumer that Defendant would inform Plaintiff's co-workers that he owed a debt.

18. At the time Defendant threatened to call Plaintiff's place of employment and disclose to Plaintiff's co-workers that he owed a debt, upon information and belief, Defendant had no intent to carry out the threat made to Plaintiff.

19. To date, Defendant has not called Plaintiff's place of employment to inform Plaintiff's co-workers that he owed a debt.

20. Defendant's threat that it would call Plaintiff's place of employment and disclose to Plaintiff's co-workers that he owed a debt, was a false, deceptive and/or misleading representation made by Defendant given that Defendant has not carried out the threat it made to Plaintiff.

21. Defendant's threat that it would call Plaintiff's place of employment and disclose to Plaintiff's co-workers that he owed a debt was a threat made by Defendant to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant.

22. In or around March 2012, subsequent to Plaintiff having engaged in the aforesaid telephone call with Plaintiff, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt.

23. At the time Defendant initiated the aforesaid telephone call to Plaintiff, Defendant left Plaintiff a voicemail message.

24. At no time during the course of the voicemail message did Defendant's duly authorized representative provided Plaintiff with information relative to Defendant's identity.

25. At no time during the course of the voicemail message did Defendant state that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

26. During the voicemail message Defendant left for Plaintiff, Defendant stated "I am not going to play these games with you."

27. During the voicemail message Defendant left for Plaintiff, Defendant then stated "[y]ou are in a garnishment state."

28. During the voicemail message Defendant left for Plaintiff, Defendant told Plaintiff "I will just go ahead and run another credit report on you. So if you have any property or if you are paying a mortgage or if you have any other assets we will get this resolved Mr. Tucker."

29. During the voicemail message Defendant left for Plaintiff, Defendant then stated "[t]hese are not idle threats. These are not threats at all."

30. Defendant then left a putative case number for Defendant during the voicemail message.

31. Defendant further told Plaintiff in the voicemail message "[y]ou have an hour to return the call Mr. Tucker if you want to resolve this matter voluntarily."

32. At the time Defendant left the voicemail message for Plaintiff, no lawsuit had been filed against Plaintiff relative to the debt.

33. Defendant, by providing Plaintiff with a putative case number, during the voicemail message, as delineated above, falsely represented that a lawsuit had been filed against Plaintiff relative to the debt.

34. Defendant's representation that a lawsuit had been filed against Plaintiff relative to the debt was false, deceptive and/or misleading given at the time the representation was made no lawsuit had been filed against Plaintiff.

35. Defendant's representation that a lawsuit had been filed against Plaintiff relative to the debt misrepresented the character, nature and/or legal status of the debt given at the time the representation was made no lawsuit had been filed against Plaintiff.

36. Defendant's representations to Plaintiff in the voicemail message that Plaintiff lived in a garnishment state and that Plaintiff had to contact Defendant in order to resolve the putative matter against Plaintiff voluntarily had the effect of conveying to an unsophisticated consumer that Defendant would commence garnishment proceedings against Plaintiff if he did not pay Defendant relative to the debt.

37. Defendant's representations to Plaintiff in the voicemail message that Defendant would obtain Plaintiff's credit report to ascertain what property and assets Plaintiff maintained further had the effect of conveying to an unsophisticated consumer that Defendant would commence garnishment proceedings against Plaintiff if he did not pay Defendant relative to the debt.

38. Defendant's representations to Plaintiff in the voicemail message that Defendant would obtain Plaintiff's credit report to ascertain what property and assets Plaintiff maintained further had the effect of conveying to an unsophisticated consumer that Defendant would garnish Plaintiff's assets and any property.

39. In or around March 2012, subsequent to Plaintiff receiving the voicemail message from Defendant, Plaintiff experienced aggravation and frustration as a result of the threats Defendant made to Plaintiff on the voicemail message.

40. In or around March 2012, subsequent to Plaintiff receiving the voicemail message from Defendant, Plaintiff initiated a telephone call to Defendant and requested to speak to a supervisor at Defendant.

41. Plaintiff then complained to Defendant that he had received a threatening voicemail message from a duly authorized representative of Defendant.

42. Plaintiff further complained to Defendant that he had received a voicemail message from Defendant wherein Defendant threatened to garnish Plaintiff.

43. Defendant's duly authorized representative then acknowledged to Plaintiff that the threats made to Plaintiff regarding garnishment were false.

44. To date, Plaintiff has not made a payment to Defendant relative to the debt.

45. At the time Defendant made the aforementioned threat to commence garnishment proceedings against Plaintiff, no judgment had been entered against Plaintiff for the debt he allegedly owed.

46. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

47. At the time Defendant made the representations to Plaintiff in the voicemail message, Defendant had no intent to garnish Plaintiff's assets and property.

48. At the time Defendant made the representations to Plaintiff in the voicemail message, Defendant had no authority to garnish Plaintiff's assets and property.

49. In its attempts to collect the debt allegedly owed by Plaintiff to Santander, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

- a. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

- b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

- c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

- d. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

- e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

- f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

- g. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

- h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

- i. Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is there is no present right to possession of the property claimed as collateral through an enforceable security interest, if there is no present intention to take possession of the property or if the

7

    property is exempt by law from such dispossession or disablement in violation of 15 U.S.C. §1692f(6); and,

    j. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

50. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

51. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TODD TUCKER, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                  Respectfully submitted,
                   TODD TUCKER

                 By: _____
                   David M. Marco
                   Attorney for Plaintiff

Dated: June 21, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us